UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 07-297(9) (DWF) |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER |
| Lendale Henry Thomas, | |
| Defendant. | |

Robert H. Meyers, Assistant Federal Defender, Federal Defender's Office, counsel for Defendant.

Andrew S. Dunne, David P. Steinkamp, and Michael L. Cheever, Assistant United States Attorneys, United States Attorney's Office, counsel for the Government.

# INTRODUCTION

This matter is before the Court on Defendant Lendale Henry Thomas's ("Defendant") motion for a sentence reduction pursuant to Section 404 of the First Step Act. (Doc. No. 1130 ("Motion").)[1] The United States of America (the "Government") supports Defendant's Motion. (Doc. No. 1138.) For the reasons set forth below, the Court grants Defendant's Motion and reduces his term of imprisonment to time served.

---

[1] Defendant also filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c). (Doc. No. 1129.) Because the Court grants Defendant's motion pursuant to Section 404 of the First Step Act, and reduces his sentence to time served, the Court denies as moot his motion for compassionate release.

## BACKGROUND

In 2008, Defendant pled guilty to one count of conspiring to distribute and possess with the intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. (Doc. No. 506 at 1.) At the time of Defendant's offense and sentencing, the conviction carried a statutory penalty range of 10 years to life in prison and a supervised release term of at least 5 years. 21 U.S.C. § 841(b)(1)(A). After various enhancements and adjustments, Defendant's recommended guidelines sentence range was 262-327 months' imprisonment. (Presentence Report ("PSR") at F.1-F.2 ¶¶ 29, 38-45.)

On March 9, 2009, the Court ultimately sentenced Defendant to 195 months' imprisonment to be followed by a 5-year term of supervised release. (Doc. No. 506.) The sentence was based on a downward departure of 60 months from the advisory guideline range pursuant to U.S.S.G. § 5K2.23 (Discharged Terms of Imprisonment). The Court also granted a downward variance of 7 months to account for Defendant's pre-trial custody in the Sherburne County jail.[2]

Defendant is currently incarcerated at FCI Sandstone in Sandstone, Minnesota with an anticipated release date of January 13, 2023. Federal Bureau of Prisons, Inmate Locator, *https://www.bop.gov/inmateloc/* (last visited Jan. 13, 2021). He now asks the Court for a sentence reduction pursuant to Section 404 of the First Step Act, Pub. L.

---

[2]   Defendant has made multiple unsuccessful attempts to reduce his sentence. (*See, e.g.*, Doc. Nos. 751, 903, 1043.)

No. 115-391, 132 Stat. 5194 (2018), because the current statutory penalties for his drug conviction are 5 to 40 years, instead of 10 years to life. (Motion at 24 (citing 21 U.S.C § 841(b)(1)(B).) Specifically, Defendant asks that his sentence be reduced to time served. (Motion at 3.) The Government supports his motion. (Doc. No. 1138.)

## DISCUSSION

### I. First Step Act of 2018

The FSA was enacted into law on December 21, 2018. *See* Pub. L. No. 115-391, 132 Stat. 5194. Before that, in 2010, Congress enacted the Fair Sentencing Act, which reduced the disparity in sentencing between offenses involving crack and powder cocaine. *See* 124 Stat. 2372 (codified at 21 U.S.C. § 841(b)(1)). The Fair Sentencing Act changed the drug quantities required to trigger certain mandatory minimum sentences, raising the amount required to trigger the mandatory minimum of ten years from more than 50 grams of crack cocaine to more than 280 grams. *See* 21 U.S.C. § 841(b)(1)(A)(iii). These changes resulted in more lenient mandatory minimum sentences for convictions under 21 U.S.C. § 841 for those who committed a crack cocaine offense before August 3, 2010, but who were not sentenced until after that date. *Dorsey v. United States*, 567 U.S. 260, 264 (2012). The Fair Sentencing Act was not retroactive, however, meaning that sentences from before August 3, 2010 remained as originally imposed. *Dorsey*, 567 U.S. at 281.

Section 404 of the FSA makes the provisions of the Fair Sentencing Act retroactive for those convicted of covered offenses—that is, violations "of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the

3

Fair Sentencing Act of 2010" and "committed before August 3, 2010."  FSA § 404(a).  Section 404(b) of the First Step Act provides that "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed."  FSA § 404(b).

Defendant was sentenced pursuant to 21 U.S.C. § 841(b)(1)(A), which is included in Section 2(a) of the Fair Sentencing Act.  Pursuant to the changes in quantities made, a conviction under 21 U.S.C. § 841(b)(1)(A) now involves a quantity of 280 grams or more of a mixture or substance containing cocaine base.  21 U.S.C. § 841(b)(1)(A)(iii) (2018).  The record clearly indicates that the quantity element Defendant was convicted of was less than 280 grams of cocaine base.  (*See, e.g.*, Doc. Nos. 1 at 3; 325 at 1-2; 783 at 10.)  Therefore, Defendant's conviction would now result in conviction under 21 U.S.C. § 841(b)(1)(B)(iii) (2018), carrying a penalty of 5-40 years' imprisonment, and at least 4 years' supervised release.  *See* 21 U.S.C. § 841(b)(1)(B)(iii) (2018).

The First Step Act does not mandate sentence reductions for eligible defendants.  Instead, it is within the Court's discretion to decide whether to reduce a Defendant's sentence.  FSA §§ 404(b), (c).  Here, the Court finds that a sentence reduction is appropriate.

The parties jointly recommend (Doc. No. 1138), and the Court affirms the following:  (1) Defendant's sentence shall be reduced to time served at the time the Court issues this Order, allowing for up to an additional five days to allow the Bureau of Prisons to make release arrangements; (2) as a condition of supervised release, after being

4

released from prison, Defendant shall reside in a residential re-entry setting approved by a Probation Officer for a period of up to 90 days; (3) the term of supervised release shall remain at 5 years; and (4) all other conditions of the previous sentence shall remain in effect.

## CONCLUSION

Based upon the submissions of the parties, the Court having once more carefully reviewed the record in this matter, and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

1. Defendant's Motion to Reduce Sentence (Docket No. [1130]) is **GRANTED**.

2. Defendant's term of imprisonment is reduced to time served.  Defendant's term of supervised release shall remain 5 years, and the Court re-imposes all the standard and special conditions of supervised release as in the Sentencing Judgment (Doc. No. [506]).

3. On his release, Defendant shall reside for a period of up to 90 days in a residential reentry center as approved by the probation officer and shall observe the rules of that facility.

4. The Court directs the Bureau of Prisons to immediately commence the process of releasing Defendant from custody, allowing for up to an additional five days to allow the Bureau of Prisons to make release arrangements.

5. All other aspects of Defendant's sentence shall remain as previously imposed.

6. Defendant's Motion for Compassionate Release (Doc. No. [1129]) is **DENIED AS MOOT.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  October 1, 2021         s/Donovan W. Frank
                                DONOVAN W. FRANK
                                United States District Judge